Filed 9/24/13  In re Matthew D. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MATTHEW D., a Person Coming Under the Juvenile Court Law. | |
| | D064027 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. EJ3449) |
| v. | |
| JOHN H., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Reversed and remanded with directions.

Clare M. Lemon, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Caitlin E. Rae, Deputy County Counsel, for Plaintiff and Respondent.

John H. appeals the judgment terminating his parental rights to his son, Matthew D. (Welf. & Inst. Code, § 366.26.) John contends the San Diego County Health and Human Services Agency (the Agency) omitted known and required information from notices given pursuant to the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.), and the juvenile court failed to require sufficient ICWA notice. The Agency concedes the ICWA notices were insufficient and a limited remand is necessary to effect and document proper ICWA notice.

In August 2011, at the outset of this case, John told the social worker that he was "a member of the Mission Digueno Tribe[,] a band of the Kumeyaay Indians," and had a roll number. John also said that he had "Native American Ancestry with the Chumash Tribe in the Santa Ynez reservation . . . ." In his Parentage Inquiry, he declared he had "Chumash and Digueno" heritage. In his Parental Notification of Indian Status, he declared he might have Indian ancestry through a Kumeyaay Tribe and a "Mission Digueno / Chumash" band. In September, John's sister gave the social worker the roll number shared by all family members.

The social worker sent incomplete ICWA notices to the tribes. Most of the notices listed the roll number only in connection with a relative, did not explain how that relative was related to Matthew and did not explain that the whole family shared the roll number. Most of the notices omitted known information that John and other paternal relatives had received medical and dental treatment at an Indian health clinic. Most of the notices listed a Chumash Tribe association only for the paternal great-grandmother.

2

None of the responses to the ICWA notices were positive.  The court found that ICWA did not apply.  In May 2013, the court terminated parental rights.

DISPOSITION

The judgment terminating parental rights is reversed.  The case is remanded to the juvenile court with directions to order Agency to provide proper ICWA notice and file all required documentation with the juvenile court.  If, after proper notice, a tribe claims Matthew is an Indian child, the juvenile court shall proceed in conformity with ICWA.  If, on the other hand, no tribe makes such a claim, the court shall reinstate its judgment terminating parental rights.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


McDONALD, J.